UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| POWER ANALYTICS CORPORATION, | Case No. 8:16-cv-01955-JAK (FFMx) |
| Plaintiff, | **PROTECTIVE ORDER AFTER HEARING** |
| v. | |
| OPERATION TECHNOLOGY, INC., d/b/a ETAP, OSISOFT LLC, and SCHNEIDER ELECTRIC USA, INC., | |
| Defendants. | |

Having reviewed the submissions of the parties, the Court enters the following protective order to cover discovery in these proceedings:

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes regarding the over-designated confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT

# INFORMATION SUBJECT TO THIS ORDER

1.     For purposes of this Protective Order ("Order"), "CONFIDENTIAL" information shall mean all non-public information, material, documents, or electronically stored information that is produced for or disclosed, either through the formal discovery process, with a pleading or motion, or informally in this litigation; that has been disclosed to a party that requests or receives Protected Material (a "Receiving Party"); and the party that possesses, owns, or otherwise controls the Protected Material requested by the Receiving Party (a "Producing Party"), including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers the information to constitute or to contain non-public business, financial, technical, operations, development, commercial, or other non-public information, whether embodied in physical objects, documents, or the factual knowledge of persons, the disclosure of which could reasonably result in detriment to the Producing Party or person; and which has been so designated by the Producing Party.

2.     For purposes of this Order, "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY" information shall mean CONFIDENTIAL INFORMATION that constitutes or contains (a) commercially sensitive marketing, financial, sales, research and development, or technical data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; (d) commercial agreements, settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party; (e) trade secrets, pricing information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents,

testing documents, employee information, customer lists, and other non-public information of similar competitive and business sensitivity; and (f) information that is likely to cause economic harm or significant competitive disadvantage to the Producing Party if disclosed.  In determining whether information should be designated as HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY, each party agrees to use such designation only when necessary pursuant to the terms herein.

       3.    For purposes of this Order, "Protected Material" shall encompass any documents or information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE pursuant to this Order.

       4.    The following information is not Protected Material:

    a.    any information that at the time of disclosure to a Receiving Party is already lawfully in the public domain through no fault of the Receiving Party;

    b.    any information that after disclosure to a Receiving Party lawfully becomes part of the public domain as a result of publication not involving a violation of this Order;

    c.    any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and was under no obligation of confidentiality to the Producing Party; or

    d.    any information that a Receiving Party can show was independently developed by it or by personnel who have not had access to the Producing Party's Protected Material.

/ / /

/ / /

/ / /

## DESIGNATION OF INFORMATION AS CONFIDENTIAL, OR HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY

5.     The Producing Party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY means that the Producing Party believes in good faith, upon reasonable inquiry, that the information qualifies as such.

6.     Any document, electronically stored information, or tangible thing containing or including any CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY information may be designated as such by the Producing Party by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced in native format, the Producing Party shall mark each viewable page or image with the appropriate designation when possible, and the Producing Party shall mark the medium, container, and/or communication in which the digital files are produced. For electronic documents produced in native form which cannot be marked with the appropriate designation, the Producing Party shall embed the confidentiality designation in the metadata, document title, or production load file, and shall mark the medium, container, and/or communication in which the digital files were contained.  No electronic file, folder or disk will be designated in its entirety as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY based on only some of the documents therein being entitled to such a designation.

7.     In the case of interrogatory answers and the information contained therein, designation shall be made by marking the first page and all subsequent pages containing the Protected Material with the appropriate confidentiality designation.

8.     The original and all copies of any deposition transcript and video record shall be marked CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY by the reporter, and shall thereafter be treated in

accordance with the terms of this Order, if an attorney states on the record at the deposition that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after the deposition and before the transcript has been distributed by the stenographer and videographer, that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY. In the event the transcript and/or video record has been distributed within the 14-day period, the parties will mark the original and copies of the transcript and record in their possession as designated. Deposition transcripts, in their entirety, and any video record shall be treated by default as CONFIDENTIAL until the expiration of the time to make a confidentiality designation or the making of a confidentiality designation, whichever occurs first.

9. All Protected Material not reduced to documentary, tangible or physical form or that cannot be designated as set forth in Paragraphs 6-8, shall be designated by informing the Receiving Party of the designation in writing. To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations.

10. When documents are produced in electronic form, the Producing Party shall include a confidentiality designation on the medium containing the documents. If a Receiving Party uses a hard-copy of a native format document, the Receiving Party shall mark each such page of such document with the applicable confidentiality designation.

11. A Producing Party's failure to designate a document, thing, or testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY does not constitute forfeiture of a claim of confidentiality as to any document, thing, or testimony. The Producing Party may immediately, upon

discovery, inform the Receiving Party of the CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY nature of the disclosed information, and the Receiving Party shall treat the disclosed information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY information upon receipt of written notice from the Producing Party. The Receiving Party shall not be held liable to the Producing Party for having previously disclosed such re-designated information, but shall be obligated to undertake reasonable efforts to retrieve any previously disclosed, re-designated information.

12.    A Producing Party who has designated information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY may withdraw the designation by written notification to all receiving parties who received a copy of the designated information.

## PERSONS AUTHORIZED TO REVIEW CONFIDENTIAL INFORMATION

13.    Protected Material designated CONFIDENTIAL and information contained therein shall be available only to the Producing Party and to the following persons, except upon receipt of the prior written consent of the Producing Party, or upon order by the Court:

> a.    Outside litigation counsel of record and supporting personnel employed by the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, shorthand reporters or others assisting litigation counsel of record, including any independent data processing, production and review vendors to whom it is reasonably necessary to disclose the information for this litigation;

/ / /

b. Outside consultants, as defined in Paragraph16, subject to the provisions of Paragraphs 17-21, and who have signed and provided the form attached hereto as Attachment A.;

c. The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

d. Subject to Paragraph 21, independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; persons or entities that provide litigation support services such as photocopying, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium;

e. Any mediator who is assigned by the Court or by mutual agreement of the parties to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

f. An author, signatory, prior recipient, or the original source of the Protected Material. Such person shall be given access only to the specific document or information therein, such as during a deposition in accordance with the provisions of Paragraph 27;

g. Subject to Paragraph 21, jury consultants or trial consultants retained by or on behalf of a party to assist outside counsel for any party in connection with this litigation, together with technicians, assistants, or mock jurors who are (1) supervised

///

by such consultants and (2) subject to a written obligation of
confidentiality; and

h.  Up to two in-house counsel employed by a party, who are
members of at least one state bar in good standing (or a foreign
equivalent thereof), and up to two technical or business
personnel, to whom disclosure is reasonably necessary for
purposes of this litigation.  Each in-house counsel and technical
or business personnel must execute the form attached hereto as
Attachment A.

## PERSONS AUTHORIZED TO REVIEW HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY INFORMATION

14.  Protected Material Designated "HIGHLY CONFIDENTIAL-
OUTSIDE COUNSEL ONLY" and information contained therein shall be
available only to the persons or entities listed in Paragraph 13(a)-(g).

a.  Prosecution Bar.  Absent written consent from the Producing
Party, any individual who receives access to HIGHLY
CONFIDENTIAL-OUTSIDE COUNSEL ONLY or HIGHLY
CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE
CODE information  shall not be involved in the prosecution of
patents or patent applications related to software used in the
operation of electric power distribution systems and historian
software (software that collects operational and processing data
from devices attached to an electric power distribution system
and stores this information in a time series database historian)
relating to such systems including, without limitation, the
patents asserted in this action and any patent or application
claiming priority to or otherwise related to the patents asserted

/ / /

in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office.

    (i)    <u>Exception.</u>  The foregoing prosecution bar does not apply as to product information that has been provided to customers or prospective customers or to information that is or has been publicly available even if such information has been designated as HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY. However, the exception does not apply to information designated as HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE or extend to HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY information that has not been provided to customers or prospective customers and is not and has never been publicly available.

  b.  <u>Prosecution.</u>  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims, including in the original prosecution, and any *inter partes* review. Prosecution does not include representing a party challenging a patent before a domestic or foreign agency (including, for example, an *inter parties* review). This Prosecution Bar shall begin when access to HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE information is first received by the affected individual and shall end one (1) year after final termination of this action.

/ / /

## **OUTSIDE CONSULTANTS**

15.     Protected Materials, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to outside consultants retained for purposes of this litigation.

16.     The term "outside consultant" shall mean any outside person (who is not a current or former employee of the retaining party) and include their engineering, technical, accounting, financial or other support personnel, including, but not limited to, a proposed expert witness or consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case.

17.     A Receiving Party desiring to disclose Protected Materials to a technical outside consultant, shall first give written notice to the Producing Party that it desires to disclose such information to such person(s), and thereafter the Producing Party shall have three (3) business days after such notice is given to object in writing.  The party desiring to disclose the Protected Material to a technical outside consultant shall provide to the Producing Party the curriculum vitae of each technical outside consultant, a signed copy of the Agreement found in Attachment A from each technical outside consultant, and shall also include the following information about each technical outside consultant in the written notice:

    a.     Current employer;

    b.     Business address and employer's address if not the same;

    c.     Business title;

    d.     Business or profession;

    e.     Any previous or current relationship (personal, profession, or the employer's) with any of the parties; and

    f.     For the preceding four years, a listing of the cases in which the individual has testified (at trial or deposition), all companies for

which the individual has worked or provided any consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed.

18.     A Receiving Party desiring to disclose Protected Materials to a financial outside consultant, shall first give written notice to the Producing Party that it desires to disclose such information to such person(s), and thereafter the Producing Party shall have three (3) business days after such notice is given to object in writing.  The party desiring to disclose the Protected Material to a financial outside consultant shall provide to the Producing Party the curriculum vitae of each lead financial outside consultant, a signed copy of the Agreement found in Attachment A from each lead financial outside consultant, and shall also include the following information about each lead financial outside consultant in the written notice:

    a.     Current employer;

    b.     Business address and employer's address if not the same;

    c.     Business title;

    d.     Business or profession;

    e.     Any previous or current relationship (personal, profession, or the employer's) with any of the parties; and

    f.     For the preceding four years, a listing of the cases in which the individual has testified (at trial or deposition), all companies for which the individual has worked or provided any consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed.

19.     No Protected Material shall be disclosed to any such outside consultant until after the expiration of the foregoing notice period unless written consent to such disclosure is provided by the Producing Party prior to the expiration of the foregoing notice period.

20.     If, however, during the notice period the Producing Party serves an objection upon the Receiving Party desiring to disclose Protected Material to the outside consultant, and identifies in particular the nature of the Protected Material that it objects to disclosure and the reasons for the objection, there shall be no disclosure of the Protected Material so identified as the subject of objection to such outside consultant pending resolution of the objection.  The Producing Party objecting to disclosure of Protected Material to the outside consultant shall provide an explanation of the basis of its objection, and consent to the disclosure of Protected Material to the outside consultant shall not be unreasonably withheld.  If a Producing Party objects to the disclosure of Protected Material to an outside consultant, the Receiving Party shall then have three (3) business days after such objection is served to respond to the objection.  The Producing Party shall then have three (3) business days after such response is served to file an objection with the Court and seek a protective order to prevent the disclosure of Protected Material to the proposed outside consultant or other appropriate relief, if the parties cannot come to an agreement.  The Producing Party shall bear the burden of establishing that the objectionable outside consultant should not have access to the Producing Party's Protected Material.  No Protected Material shall be provided to the proposed outside consultant until after resolution of the objection either by the parties or by the Court.  If the Producing Party fails to file an objection with the Court within the prescribed period, then any objection to the outside consultant is waived, and any Protected Material may be thereafter disclosed to such outside consultant.  No document designated by a Producing Party as Protected Material information shall be disclosed by a Receiving Party to an outside consultant until after the applicable outside consultant has signed the Confidentiality Agreement appended hereto as Attachment A.  Such agreement shall be retained by counsel for the Receiving Party.

/ / /

21. A Receiving Party desiring to disclose Protected Materials to an outside consultant shall first require such financial outside consultant to execute the Agreement found in Attachment A. Such executed agreement shall be retained by counsel for the Receiving Party.

22. Only the parties to this litigation may invoke the notice provisions in Paragraphs 17-20 regarding outside consultants.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

23. The parties will use reasonable care when designating documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY information. Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE information have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

24. A party shall not be obligated to challenge the propriety of any CONFIDENTIAL, HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE designation at the time it receives the Protected Material, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends was improperly designated. The parties shall use their best efforts to promptly and informally resolve such disputes. If agreement cannot be reached, the Receiving Party may request that the Court revoke or modify a CONFIDENTIAL, HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE designation. Any such request

must fully comply with Local Rule 37. The party or parties producing the designated documents shall have the burden of establishing that the disputed documents are entitled to confidential treatment. Until such a dispute is resolved, either by the parties or by direction of the Court, the Receiving Party shall continue to treat the information at issue consistent with its current confidentiality designation under this Order. A party's failure to contest a designation of information as CONFIDENTIAL, HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE is not an admission that the information was properly designated as such.

## LIMITATIONS ON THE USE OF PROTECTED MATERIAL

25.    Any Protected Material obtained by any Receiving Party from any Producing Party in this litigation or other person shall be used only for purposes of this litigation and any appeals therefrom, and may not be used for any other purpose, such as use in other litigation or for any business purpose.

26.    Protected Material shall be held in confidence by each person to whom it is disclosed. Such information shall not be disclosed to any person who is not entitled to receive such information as herein provided. All Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. However, nothing in this Order shall prevent any court reporter, videographer, mediator or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings. Further, nothing in this Order shall impact the admissibility of any document or other evidence at any hearing or at trial.

27.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning any

/ / /

Protected Material of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

     a.     A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Material which has been produced by that party;

     b.     A former director, officer, agent and/or employee of a Producing Party may be interviewed and examined, and may testify concerning any Protected Material that refers to matters which the interviewer, examiner or questioner believes are within the personal knowledge of the witness, which has been produced by that party, and which pertains to the period or periods of his or her employment or other involvement with the party; and

     c.     Non-parties may be examined or testify concerning any Protected Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.  Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party fails to object to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the portion of the examination relating to such information, the attorney shall be requested to provide a signed

Confidentiality Agreement, in the form of Attachment A hereto

In the event that such attorney declines to sign such a

Confidentiality Agreement, prior to the examination, the

parties, by their attorneys, shall jointly seek a protective order

from the Court prohibiting such attorney from disclosing such

Protected Material.

28.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which include Protected Material or which contain information so designated, shall be submitted for filing under seal pursuant to the provisions of Local Rule 79.

29.     Nothing in this Order shall prohibit the transmission or communication of Protected Material between or among qualified recipients:

    a.     by hand-delivery;

    b.     in sealed envelopes or containers via the mails or an established freight, delivery, or messenger service; or

    c.     by telephone, telegraph, facsimile, email or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

## PRODUCTION OF SOURCE CODE

30.     All source code produced in this litigation ("Designated Code") shall be subject to the same restrictions as information designated as HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY provided that the producing party designates such code HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE. Only the code itself shall be so marked. Descriptions or summaries of the Designated Code shall not be marked as HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE. The

following additional restrictions shall apply to Designated Code. Designated Code shall not include any machine readable code such as executable program files which shall not be governed by these provisions regarding the production of source code.

31. Any Designated Code made available for inspection in discovery shall be made available in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The Designated Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers ("Source Code Computer"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Designated Code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Designated Code. The Producing Party may not view any notes or writings prepared by the Receiving Party's representative.

32. All persons viewing source code shall sign and print their names and the date of the inspection in an inspection log on each day they view the Designated Code. The inspection log will be maintained by the Producing Party, and shall be provided to the Receiving Party upon request.

33. The Producing Party shall provide a manifest of the contents of the Source Code Computer. This manifest shall be supplied in both printed and electronic form and shall list the name, version histories, and location (i.e., filename and filepath) of every source code file on the Source Code Computer.

34. The Source Code Computer shall include software utilities, designated and provided to the Producing Party for installation on the Source Code Computer by the Receiving Party, which allow the Receiving Party's

representative to view, search, and analyze the source code ("source code review utilities"). At a minimum, the source code review utilities must provide the ability to (a) view, search, and line-number any source code file (i.e., text editors such as notepad++ and sublime text), (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, (d) compute the MD5 checksum of a file, (e) and any other reasonable requests by the Reviewing Party. To the extent the Receiving Party seeks to use a specific source code review utility that the Producing Party does not have, then the Receiving Party must provide that source code review utility to the Producing Party.

35. The Receiving Party may request paper copies of limited portions of the Designated Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the Designated Code other than electronically as set forth in Paragraph 34 in the first instance. The Producing Party shall provide all requested Designated Code in paper form, including bates numbers and the label HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE. The Producing Party may challenge the amount of Designated Code requested in hard copy form. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Parties shall file a joint motion within three (3) business days after the completion of the meet and confer process, and the Parties will request expedited consideration of the motion.

36. The Receiving Party shall maintain a record of any individual who has inspected any portion of the Designated Code in paper form. The Receiving Party shall maintain all paper copies of any printed portions of the Designated Code in a secured, locked area. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2)

necessary for deposition, or (3) otherwise necessary for the preparation of its case. The Receiving Party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

37. At the conclusion of the litigation, counsel for each Party will certify on behalf of itself and anyone working with and/or at the direction of counsel or the Party that all copies, electronic or paper, of or containing Designated Code have been returned to the Producing Party, or destroyed or erased in a manner that prevents any forensic recovery of the Designated Code, with the exception of portions of Designated Code that were included in filed or served pleadings or their exhibits, or as exhibits to depositions, or admitted into evidence. Other than as set forth in this subparagraph, counsel may not retain any copies of Designated Code.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

38. If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL, HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE." that Party must:

(a) promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of

this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

39.     If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission.  The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## NONPARTY USE OF THIS PROTECTIVE ORDER

40.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Order as any party to this lawsuit, provided that such nonparty complies with the provisions of this Order.

41.     A nonparty's use of this Order to protect its Protected Material does not entitle that nonparty access to any Protected Material produced by any party in this case.

## RETURN OR DESTRUCTION OF PROTECTED MATERIAL

42.     Within sixty (60) days after this action is terminated, either by the entry of a final, non-appealable judgment or order, the complete settlement of all claims asserted against all parties in this action, or by other means, each party shall, at its option, either return to the Producing Party or destroy all Protected Materials which were received from the Producing Party.  After ninety (90) days have passed since the termination of this action, a Producing Party may write to

any Receiving Party and request confirmation that any Protected Material produced by the Producing Party and identified as Protected Material not previously returned to the Producing Party have been destroyed. Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all notes, memoranda, and other work product materials, as well as pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial. Notwithstanding the provisions of this Paragraph, counsel is not required to delete information that may reside on their electronic disaster recovery systems which are over-written in the normal course of business. However, counsel agree that no Protected Material shall be purposefully retrieved from the electronic disaster recovery systems after the conclusion of the above-captioned matter.

## NON-WAIVER OF PRIVILEGE

43.    Production of documents (including physical objects) for inspection, or production of copies of documents, shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests destruction or return of such documents to the Producing Party identifying the documents(s), the asserted privilege or protection, and the grounds therefor (hereinafter "claw-back"). Upon request by the Producing Party, the Receiving Party shall immediately destroy or return all copies of such inadvertently produced document(s), regardless of whether the Receiving Party agrees with the designation of the documents as protected by the applicable privilege or immunity without making any further use of such documents(s), and shall immediately destroy any notes or other writings

that summarize, reflect or discuss the privileged or protected content of such document(s). The Producing Party shall thereafter put any document designated in this manner onto its privilege log. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court. However, the Receiving Party may not use the production of the document(s) in question to support the challenge, except as evidence that such production was not inadvertent or unintentional, or to show that the production was not otherwise entitled to the above claw-back provision.

## DISCOVERY RULES REMAIN UNCHANGED

44. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the District Court, or the Court's Scheduling Order. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules, or the Court's Scheduling Order. Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

45. Any party is free to use its own Protected Material for any purpose, and no use by the Producing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

## MISCELLANEOUS PROVISIONS

46. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by (or email sent by) the attorney of record for the party against whom such waiver will be effective.

/ / /

47. Entering into, producing and/or receiving Protected Material or otherwise complying with the terms of this Order shall not:

    a.    Operate as an admission by any party that any Protected Material contains or reflects (or does not contain or reflect) trade secrets or any other type of confidential or proprietary information entitled to protection under any applicable laws;

    b.    Prejudice in any way the rights of any party to object to the production of documents, electronically stored information and things it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Material;

    c.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Order;

    d.    Prejudice in any way the rights of any party to seek a determination by the Court whether any discovery material or Protected Material should be subject to the terms of this Order;

    e.    Prejudice in any way the rights of any party to petition the Court for a further protective order related to any purportedly Protected Material;

    f.    Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Protected Material more broadly than would otherwise be permitted by the terms of this Order; or

    g.    Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to

/ / /

any particular discovery material designated as Protected
Material by that party.

48.     By entering this Order and limiting the disclosure of information in
this case, the Court does not intend to preclude another court from finding that
information may be relevant and subject to disclosure in another case.  Any person
or party subject to this Order who becomes subject to a motion, or any obligation
through court order, subpoena, or otherwise to disclose another party's Protected
Material shall promptly notify the Producing Party of the order or request for the
disclosure so that the Producing Party may have an opportunity to contest the
order or request for the disclosure and be heard on whether that information should
be disclosed.

49.     In the event that any Protected Material is disclosed to any person or
entity that is not, or would not be, permitted to access the Protected Material under
this Order, then the disclosing party must immediately upon discovery of such
disclosure notify the relevant Producing Party or parties in writing of the
disclosure.  The disclosing party shall take all reasonable steps to retrieve the
disclosed information from any person or entity that is not, or would not be,
permitted to access the information under this Order, including requesting the
return of all copies of the disclosed information.  Such efforts by the disclosing
party shall not affect the right of the Producing Party to seek redress against the
disclosing party for such improper disclosure.

50.     The provisions of this Order shall retroactively apply to any Protected
Material obtained by any Party or its counsel prior to entry of this Order by the
Court.

/ / /

/ / /

/ / /

/ / /

51.     This Order's obligations regarding Protected Material survive the conclusion of this case.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:  June 21, 2017


                                    /S/FREDERICK F. MUMM
                                    FREDERICK F. MUMM
                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| POWER ANALYTICS CORPORATION, | Case No. 8:16-cv-01955-JAK (FFMx) |
| Plaintiff, | |
| v. | |
| OPERATION TECHNOLOGY, INC., d/b/a ETAP, OSISOFT LLC, and SCHNEIDER ELECTRIC USA, INC., | |
| Defendants. | |

I, _____ state as follows:

I reside at_____.

My present employer is _____.  My

present occupation or job description is _____.

I have read the Stipulated Protective Order ("Order") in its entirety and

understand the confidentiality restrictions regarding Protected Materials that are

exchanged in the matter styled *Power Analytics Corp. v. Operation Technology,*

*Inc. et al.*, Case No. 8:16-cv-01955-JAK-FFM (C.D. Cal.). I agree to comply with

and be bound by the terms of the Order. I solemnly promise that I will not divulge

any CONFIDENTIAL, HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL

ONLY, or HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE

CODE information ("Protected Materials") to persons other than those specifically authorized by the Order. I understand and acknowledge that failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt.

At the termination of this action, I will return or destroy, as directed, any Protected Material I received and any notes or other documents reflecting any such materials.

I further agree to submit myself to the authority and jurisdiction of the United States District Court for the District of Delaware in the event of any violation of this agreement or dispute related to the Order that concerns my actions.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ___ day of _____, 201_.

City and State where sworn and signed:

_____

Printed Name: _____

Signature: _____