Don F. Livornese (SBN 125,934)
RUYAKCHERIAN LLP
222 N. Sepulveda Blvd, Suite 2000
El Segundo, California 90245
Telephone: (310) 586-7689
E-Mail: donl@ruyakcherian.com
[Add'l counsel listed on signature page]

*Attorneys for Plaintiff*
POWER ANALYTICS CORPORATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| POWER ANALYTICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>OPERATION TECHNOLOGY, INC. d/b/a ETAP; OSISOFT, LLC; and SCHNEIDER ELECTRIC USA, INC.,<br><br>Defendants. | Case No. 8:16-CV-1955-JAK-FFM<br><br>**PLAINTIFF POWER ANALYTICS' OBJECTIONS TO OPERATION TECHNOLOGY, INC. AND SCHNEIDER ELECTRIC USA, INC. APPLICATIONS TO THE CLERK TO TAX COSTS** |

Plaintiff's Objections to Defendants
Schneider and ETAP Applications
to the Clerk to Tax Costs
Case No. 8:16-CV-1955-JAK-FFM

Pursuant to L.R. 54-2.2, Plaintiff Power Analytics Corporation ("Power Analytics") hereby objects to Defendant Operation Technology, Inc. d/b/a ETAP's ("ETAP") Application to the Clerk to Tax Costs against Power Analytic s Corporation (D.I. 403, "ETAP Application to Tax Costs") and Schneider Electric USA, Inc.'s ("Schneider") Application to the Clerk to Tax Costs against Plaintiff Power Analytics (D.I. 404, "Schneider Application to Tax Costs") which were filed on February 14, 2018 (collectively, "Applications to Tax Costs").

## I. INTRODUCTION

ETAP and Schneider' s Applications to Tax Costs improperly seek costs that are not recoverable under the Federal Rules and applicable Local Rules. ETAP's Application to Tax Costs improperly seeks costs that may not be recovered because they were never actually incurred by ETAP, are not described with sufficient specificity, and are simply improper like costs for couriers and messengers. The vast majority of the costs listed in ETAP's application should be rejected. Schneider's Application to Tax Costs improperly seeks costs related to the entirety of the litigation even though the Court's partial judgment pursuant to Rule 54(b) only addressed a fraction of Plaintiff's claims. Moreover, Schneider's purported costs are not sufficiently described to permit recovery. Schneider's Application to Tax Costs should be rejected in its entirety.

## II. FACTUAL BACKGROUND

The Court entered partial judgment pursuant to Fed. R. Civ. P. 54(b) in favor of Defendants ETAP and Schneider on Plaintiff's patent infringement claims, counts I-IV of the Second Amended Complaint. (D.I. 369). The parties' stipulation to extend the deadline for Defendants to file their Applications to Tax costs in relation to the Court's partial judgment was granted on February 12, 2018. (D.I. 400). Defendants ETAP and Schneider filed the Applications to Tax Costs on February 14, 2018. Plaintiff hereby submits its objections thereto.

Plaintiff's Objections to Defendants
Schneider and ETAP Applications
to the Clerk to Tax Costs
Case No. 8:16-CV-1955-JAK-FFM

### III. LEGAL STANDARD

28 U.S.C. § 1920 "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority." *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) (*quoting W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991)). L.R. 54-3 further defines the items that are taxable as costs in the Central District. Accordingly, the "Court is not empowered to exceed the limitations set forth in § 1920, instead it has 'solely a power to decline to tax as costs, the items enumerated in § 1920.'" *United Healthcare Servs., Inc. v. Diane Renton*, C 12-6154 JSW, 2013 U.S. Dist. LEXIS 136916, at *3 (N.D. Cal. Sept. 24, 2013) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

In order to recover its costs, a prevailing party must serve and file a bill of costs specifying all costs which it seeks to recover pursuant to L.R. 54-2.1 which "must prove that each item claimed 'is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.'" *Id.* (quoting 28 U.S.C. §1924). "The burden of substantiating taxable costs is on the requesting party." *Zopatti v. Rancho Dorado Homeowners Ass'n*, No. 10CV1091 DMS (WVG), 2012 U.S. Dist. LEXIS 3464, at *12 (S.D. Cal. Jan. 10, 2012). The only costs that may be awarded are those enumerated in 28 U.S.C. § 1920 and L.R. 54-2.1.

Although Fed. R. Civ. P. 54(d) does express a presumption in favor of awarding costs to the prevailing party, the prevailing party must "itemize its costs with sufficient detail to establish that each expense is taxable under section 1920." *Ancora Techs., Inc. v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 121225, at *5 (N.D. Cal. Aug. 26, 2013); *see also Synopsys, Inc. v. Ricoh Co. (In re Ricoh Co., Ltd. Patent Litig.)*, 661 F.3d 1361, 1368 (Fed. Cir. 2011) (applying Ninth Circuit law to deny costs to a prevailing party that "did not meet its burden" to itemize costs with specificity); *Oracle America, Inc. v. Google,*

-2-

Plaintiff's Objections to Defendants
Schneider and ETAP Applications
to the Clerk to Tax Costs
Case No. 8:16-CV-1955-JAK-FFM

*Inc.*, 2012 U.S. Dist. LEXIS 125237, at *11-12 (N.D. Cal. Sept. 4, 2012). It is only "[o]nce a prevailing party establishes that the expense is taxable under section 1920 [that] the presumption applies." *Plantronics, Inc. v. ALIPH, Inc.*, No. C 09-01714 WHA(LB), 2012 US Dist. LEXIS 152297, at *9 (N.D. Cal. Oct. 23, 2012).

## IV.   OBJECTIONS TO ETAP'S BILL OF COSTS

### A.   Objections to Costs for Certification, Exemplification and Reproduction of Documents

ETAP seeks $18,053.63 in costs for certification, exemplification, and reproduction of documents. However, only $530.20 (courtesy copy fees) of the requested costs may be taxed. Critically, ETAP waived its ability to recover any costs associated with ediscovery because ETAP's counsel never billed it for any such costs. Instead counsel, absorbed these costs in furtherance of counsel's representation of ETAP. ETAP's counsel may not recover its costs under the guise of 28 U.S.C. § 1920.

ETAP seeks $17,144.44 in costs for "document production." None of these "document production" costs are taxable. Critically, ETAP was never billed for any of these costs by its outside counsel. The Declaration of Salumeh R. Loesch in Support of ETAP's Application to Tax Costs ("Loesch Declaration") states that, "[i]n an effort to limit the costs incurred by ETAP, Klarquist Sparkman internalized the document production costs and therefore <u>did not generate a formal invoice to ETAP</u>." (D.I. 403-1, ¶ 11) (emphasis added). No invoices exist regarding ETAP's purported expenses related to "document production" services, and even if they did, the expenses would not be recoverable. *See In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1368 ("The phrase 'document production' on an invoice does not automatically signify that the copies were produced to opposing counsel. 'Document production' and other similarly generic

-3-

Plaintiff's Objections to Defendants
Schneider and ETAP Applications
to the Clerk to Tax Costs
Case No. 8:16-CV-1955-JAK-FFM

statements on the invoices are unhelpful in determining whether those costs are taxable.").[1]

Although ETAP attempted to separate costs related to Plaintiff's patent counts which were decided in the Court's partial judgment, and Plaintiff's non-patent counts, ETAP's methodology does not account for the discovery that is relevant to Plaintiff's non-patent and patent counts. (*See generally* 403-1, ¶ 10).[2] Accordingly, ETAP's Application to Tax Costs is deficient because it does not prove that the listed costs are "correct and [were] necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed" with respect to the counts subject to the Court's partial judgment. *See United Healthcare Servs., Inc.*, C 12-6154 JSW, 2013 U.S. Dist. LEXIS 136916, at *3.

ETAP's arbitrary requested costs of $0.01 per page for production and $0.03 per page for OCR are not supported by any invoices or bills, were never actually charged to the client, and are wholly arbitrary numbers generated by counsel for ETAP who would recover these costs. ETAP's counsel is not a "prevailing party" under section 1920 and may not recover its own costs incurred in representing its client. *Willis Corroon Corp. v. United Capitol Ins. Co.*, No. C-97-2208 MHP, 1998 U.S. Dist. LEXIS 5394, at *16 (N.D. Cal. 1998) ("Section 1920 makes no provision for the recovery of traveling, parking or miscellaneous <u>expenses incurred by the prevailing party's attorneys</u>.") (emphasis added) (quoting *Walters v. President and Fellows of Harvard College*, 692 F. Supp. 1440, 1442 (D. Mass. 1988)).

---

[1] Exhibit G to the Loesch Declaration is a spreadsheet generated by counsel to apply counsel's arbitrary $0.01 per page production charge and $0.03 per page OCR charge. It is not an actual invoice or bill to ETAP.

[2] Plaintiff's Third Amended Complaint includes eight counts against ETAP and six counts against Schneider.

-4-

Since ETAP cannot prove that its purported $17,144.44 in costs for "document production" "is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed," its application to tax these costs must be rejected. *See United Healthcare Servs., Inc.*, C 12-6154 JSW, 2013 U.S. Dist. LEXIS 136916, at *3; *see also In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1368; *Ancora Techs., Inc. v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 121225, at *5; *Oracle America, Inc. v. Google, Inc.*, 2012 U.S. Dist. LEXIS 125237, at *11-12.

ETAP also seeks $378.99 in Federal Express costs related to "sending courtesy copies to the Court." (D.I. 403-1, ¶ 8). These costs are not taxable and may not be recovered by ETAP. *Kwan Software Eng'g, Inc. v. Foray Technologies, LLC*, C 12-03762 SI, 2014 U.S. Dist. LEXIS 63933, at *7 (N.D. Cal. May 8, 2014) ("<u>delivery fees are not taxable as costs under section 1920</u>.") (emphasis added); *see also First Interstate Bank of Or. v. United States*, No. 94–cv–917–HA, 1995 U.S. Dist. LEXIS 8554, at *4 (D. Or. Jun. 2, 1995). ("[F]ees related to messenger and courier services are routinely excluded as taxable costs.") (emphasis added).

Accordingly, if the clerk were to award any costs to ETAP pursuant to the Court's partial judgement pursuant to Fed. R. Civ. P. 54(b), any such award should be reduced at least by $17,523.43 to account for the deficiencies in ETAP's bill of costs and any other deficiencies that the clerk may note.

V. **OBJECTIONS TO SCHNEIDER'S BILL OF COSTS**

    A. **Objections to Costs for Certification, Exemplification and Reproduction of Documents**

Schneider seeks $130,642.50 in costs for certification, exemplification, and reproduction of documents, more than six times the amount of cost sought by ETAP. Based on the documentation submitted, none of these costs may be taxed.

-5-

Critically, the Court entered partial judgment pursuant to Fed. R. Civ. P. 54(b) on counts I-IV of Power Analytics Second Amended Complaint related to Plaintiff's claims for patent infringement against Defendants ETAP and Schneider. Despite the nature of the Court's *partial* judgement, Schneider appears to seek *all of its ediscovery costs incurred in this litigation* which is still ongoing. Schneider's application to tax costs must be rejected on this basis alone because Schneider is not a prevailing party.

Although prevailing parties may seek costs for the reproduction of documents, including certain ediscovery costs, the expenses must be sufficiently described and related to the actual production of documents in the case to be taxable. "[T]he Ninth Circuit and the courts of this district have long held that costs compensable under section 1920 are only permitted for preparation and duplication of documents, not the efforts incurred in assembling, collecting, or processing those documents." *Kwan Software Eng'g, Inc. v. Foray Technologies, LLC*, C 12-03762 SI, 2014 U.S. Dist. LEXIS 63933, at *12-13 (quoting *Ancora Techs., Inc.,* 2013 U.S. Dist. LEXIS 121225, at *5); *see also CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1330-1331 (Fed. Cir. 2013) ("extraction of proprietary data" and "costs incurred in preparing to copy" are not recoverable).

Critically, the invoices that Schneider submitted fail to "itemize its costs with sufficient detail to establish that each expense is taxable under section 1920." *See Ancora*, 2013 U.S. Dist. LEXIS 121225, *5, (citing *Plantronics, Inc. v. ALIPH, Inc.*, No. C 09-01714 WHA(LB), 2012 US Dist. LEXIS 152297 at *5.

Without providing any detail, Schneider seeks purported ediscovery costs it incurred in connection with the following tasks: "(1) imaging and endorsement; (2) minimum production fees; and (3) production technical time." (D.I. 404, 3). Schneider further describes these tasks as follows: "(1) Imaging and Endorsement - This pertains to imaging the documents from native and applying the Bates label and any

-6-

Plaintiff's Objections to Defendants
Schneider and ETAP Applications
to the Clerk to Tax Costs
Case No. 8:16-CV-1955-JAK-FFM

confidentiality stamping to the documents. (2) Minimum Production Fees - This pertains to the minimum size a production will be billed for under imaging and endorsement – this is when the native size of a production is under a certain file size. (3) Production Technical Time - This pertains to tasks related to productions, such as optical character recognition." (*Id.*). Schneider's description of its purported ediscovery tasks are insufficient under Ninth Circuit law.

In *Resnick v. Netflix, Inc.* the Ninth Circuit held, "[t]he proper application of a narrowly construed § 1920(4) requires that the tasks and services for which an award of costs is being considered must be described and established with sufficient specificity, particularity, and clarity as to permit a determination that costs are awarded for making copies." *Resnick v. Netflix, Inc. (In re Online DVD-Rental Antitrust Litig.)*, 779 F.3d 914, 928 (9th Cir. 2015). Schneider's broad description of the purported ediscovery tasks for which it seeks costs is deficient.

The invoices submitted with Schneider's Application to Tax Costs do not describe the format in which documents were received, the amount of documents that were converted to tiff images as opposed to produced in native format, the number of pages or documents that were produced, the methodology that was used for any of these tasks, and how all of these processes corresponded to the applicable Court orders or agreements by the parties. Without this information, Schneider cannot prove that the claimed costs were "necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." *See United Healthcare Servs., Inc.*, C 12-6154 JSW, 2013 U.S. Dist. LEXIS 136916, at *3; *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 928; *see also In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1368; *Ancora*, 2013 U.S. Dist. LEXIS 121225, at *5 (burden is on movant to "itemize its costs with sufficient detail to establish that each expense is

-7-

Plaintiff's Objections to Defendants
Schneider and ETAP Applications
to the Clerk to Tax Costs
Case No. 8:16-CV-1955-JAK-FFM

taxable under section 1920"); *Oracle America,* 2012 U.S. Dist. LEXIS 125237, at *11-12. Accordingly, Schneider's costs may not be taxed under Ninth Circuit law.

Schneider's Application to Tax Costs seeks costs for the entirety of the litigation although the Court only entered a partial judgment pursuant to Rule 54(b). Schneider's application does not describe whether the general ediscovery tasks listed therein were for document productions that were necessary in the case and were performed pursuant to the procedures agreed upon by the parties or mandated by the Court. Accordingly, Schneider's Application to Tax Costs should be denied in its entirety.

## VI. CONCLUSION

ETAP and Schneider's Applications to Tax Costs should be rejected. The vast majority of ETAP's purported costs are illusory ediscovery costs because they were never actually billed to ETAP, or any other client or entity and broadly seek unspecified costs related to "document production." There is no basis for ETAP to be awarded these illusory costs under 28 U.S.C. § 1920.

Schneider's Application to Tax Costs must also be rejected. Schneider's application seeks unspecified ediscovery costs related to the entire litigation although the Court's partial judgment pursuant to Rule 54(b) only concerned a fraction of Plaintiff's claims. Further, the invoices upon which Schneider's Application to Tax Costs is based contain no detail regarding the ediscovery work that was actually performed. Schneider's broad request for costs must be denied.

DATED: February 21, 2018

By: */s/ Korula T. Cherian*
Don F. Livornese (CA Bar No. 125934)
RuyakCherian LLP
222 N. Sepulveda Blvd, Suite 2000
El Segundo, California 90245
Telephone: (310) 586-7689
E-Mail: donl@ruyakcherian.com

-8-

Plaintiff's Objections to Defendants
Schneider and ETAP Applications
to the Clerk to Tax Costs
Case No. 8:16-CV-1955-JAK-FFM

Korula T. Cherian (CA Bar No. 133967)
1936 University Ave, Suite 350
Berkley, California 94704
Telephone: (510) 944-0190
E-Mail: sunnyc@ruyakcherian.com

Robert F. Ruyak (pro hac vice)
robertr@ruyakcherian.com
Richard A. Ripley (pro hac vice)
rickr@ruyakcherian.com
Arthur T. Farrell (pro hac vice)
tedf@ruyakcherian.com
Amadou K. Diaw (pro hac vice)
amadoukd@ruyakcherianc.com
1700 K St. NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 838-1560

Attorneys for Plaintiff
POWER ANALYTICS CORPORATION

-9-

Plaintiff's Objections to Defendants
Schneider and ETAP Applications
to the Clerk to Tax Costs
Case No. 8:16-CV-1955-JAK-FFM